**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

---

**On Request for Interlocutory Appeal from the
United States Bankruptcy Court
for the Middle District of Georgia
Macon Division**

---

**5:06-CV-357 (WDO)**

---

**THE CITIZENS BANK OF COCHRAN
and
HERBERT DAVIS,**

**Appellants**

**v.**

**ARTHUR HOWARD,**

**Debtor-Appellee**

**OWENS, J.**

Arthur Howard, the Debtor-Appellee herein, owned a residence in Hawkinsville, Georgia in Pulaski County. Howard financed the property with a Deed to Secure Debt giving The Citizens Bank of Cochran ("the Bank"), Appellant herein, a security interest in the property. After Howard became several months delinquent on his mortgage, the Bank employed an attorney to institute foreclosure proceedings. The attorney then mailed a notice to Howard of the pending

1

foreclosure, although the notice was returned for some reason and Howard later testified that he did not receive notice of the foreclosure.

Herbert Davis, also an Appellant herein, is the president of R&S Farms, Inc. Over the last several years, Davis has purchased a dozen properties at foreclosure. Around the time that the Bank instituted foreclosure proceedings on Howard's property, Davis inquired about the property from Mitchell Cobb, a Bank officer. Cobb informed Davis of the time and date for the foreclosure.

On September 6, 2005, a different foreclosure took place in Bleckley County at which Davis made the highest bid on a particular piece of property. Davis told Thompson, the attorney who conducted the foreclosure, that funds were on deposit at the Bank and that Davis could give the Bank a check or the Bank could draft the account. Davis then told Thompson that if he, Davis, was the highest bidder at the Pulaski County foreclosure, during which Debtor Howard's property was to be foreclosed, he would handle the purchase the "same way."

On that same date, the Pulaski County foreclosure took place and Davis was the highest bidder on the property owned by Debtor Howard. Thompson told Davis he would prepare the foreclosure deed when he returned to his office that afternoon. Davis then contacted Cobb, the Bank officer, and arranged to meet Cobb at the Bank the next morning to pay the amount of the foreclosure bid and to receive the deed. R&S Farms had sufficient funds in its checking account to honor its bid on the property but Davis did not give Thompson, Cobb or the Bank a check or any other

2

type of payment for the foreclosure bid on September 6, 2005. On that date, Davis did purchase insurance on the property. Davis also went to the property and informed Howard that Davis had purchased the property at foreclosure. Howard stated that the property could not have been sold at foreclosure because Howard had filed for bankruptcy relief. Howard had in fact met with an attorney but did not file his bankruptcy case until September 7, 2005. Davis did not go to the bank the next morning to pay for the property. On September 16, 2005, R&S Farms gave the Bank a check for the foreclosure bid. The Bank gave R&S Farms a foreclosure deed on the property. The check cleared the Bank on September 19, 2005.

On November 16, 2005, Howard filed a Complaint to Set Aside Wrongful Foreclosure and Complaint for Declaratory Relief in the bankruptcy court. Howard alleged that the foreclosure was void for several reasons and that his property remained property of the bankruptcy estate. The Bank and Davis filed a motion for summary judgment on the issue of whether Howard's interest in the property terminated before Howard filed for bankruptcy and whether the foreclosure sale was properly conducted. The bankruptcy court found that Howard's interest in his residence was not terminated before he filed for bankruptcy because the property was not actually purchased before he filed for bankruptcy. The bankruptcy court therefore did not reach the issue of whether the foreclosure was properly conducted. The Bank and Davis filed a motion for leave to file an interlocutory appeal of the bankruptcy court's findings. The motion for leave to appeal and Debtor Howard's

response thereto are now before the Court.

Courts should only grant leave to appeal an interlocutory order that involves a controlling question of law as to which there is substantial ground for difference of opinion. The appellant must also show that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C.A. § 1292(b). Appellants failed to show the existence of a controlling question of law as to which there is a substantial ground for difference of opinion or that this Court hearing the case would "materially advance" the litigation. The bankruptcy court's findings are consistent with Georgia case law in that the highest bidder at a foreclosure does not obtain rights in the subject property until the sale is consummated by an actual purchase. See Champs-Elysses, Inc. v. Fulton Federal Sav. & Loan Ass'n, 274 S.E.2d 482, 484 (Ga. 1981) ("The plaintiff acquired no interest or right in the premises in dispute by reason of having submitted the highest bid for the same when it was sold under the power of sale contained in a deed to secure debt because, according to the petition, he did not pay or tender the amount of his bid to the person conducting the sale.") (quoting Smith v. Oliver, 135 S.E.2d 862 (Ga. 1964)). Pursuant to Section 541(a)(1) of the Bankruptcy Code, a bankruptcy estate includes all legal and equitable interests of the debtor in property as of the commencement of the bankruptcy case. 11 U.S.C. § 541 (a)(1). In this case, the "purchase" did not occur until after Debtor Howard filed for bankruptcy. Therefore, Howard's interest in the property was not extinguished at the time he filed for bankruptcy and the

property remained property of the bankruptcy estate at the time the bankruptcy case was filed.  Appellants' Motion for Leave to Appeal the Interlocutory Order is DENIED.

**SO ORDERED this 5th day of December 2006.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**